# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 14-327V**
Filed: May 9, 2019

| | | |
|---|---|---|
| ELENA FORD, Petitioner, | * | UNPUBLISHED |
| v. | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent. | * | |

*Danielle Strait, Esq.*, Seattle, WA, for Petitioner.
*Glenn MacLeod, Esq.*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On April 21, 2014, Elena Ford ("Ms. Ford" or "Petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner alleges that she developed Guillain-Barré Syndrome ("GBS") after receiving an influenza vaccination on or about January 2, 2013. Petition, ECF No. 1. On October 22, 2018, the parties filed a stipulation, which the undersigned adopted as her Decision awarding damages on the same day. Decision, ECF No. 77.

On January 31, 2019, Petitioner filed an application for attorneys' fees and costs. ECF

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

No. 82 (“Fees App.”). Petitioner requests total attorneys’ fees and costs in the amount of $73,732.11 (representing $53,292.30 in attorneys’ fees and $20,439.81 in costs). Fees App at 1. Pursuant to General Order No. 9, Petitioner warrants that she has personally incurred costs of $29.61. *Id.* at 2. Respondent responded to the motion on February 19, 2018, stating “Respondent is satisfied the statutory requirements for an award of attorneys’ fees and costs are met in this case” and requesting that the undersigned “exercise her discretion and determine a reasonable award for attorneys’ fees and costs.” Resp’t’s Resp. at 2-3. ECF No. 84. Petitioner filed a reply on February 19, 2019, reiterating her belief that the request for fees and costs was reasonable. Reply at 2-3, ECF No. 85.

This matter is now ripe for consideration.

## I. Legal Framework

The Vaccine Act permits an award of “reasonable attorneys' fees” and “other costs.” § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in “good faith” and there was a “reasonable basis” for the claim to proceed. § 15(e)(1). Here, because Petitioner was awarded compensation, she is entitled to a reasonable award of attorneys’ fees and costs.

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes “reasonable attorneys' fees” and “other costs” under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, “an initial estimate of a reasonable attorneys' fees” is calculated by “multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.” *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

## II. Discussion

### a. Reasonable Hourly Rate

A “reasonable hourly rate” is defined as the rate “prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.” *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on “the forum rate for the District of Columbia” rather than “the rate in the geographic area of the practice of petitioner's attorney.” *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a “limited exception” that provides for attorney's fees

to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Petitioner requests that her attorney, Ms. Danielle Strait, be compensated at the following rates: $295.00 per hour for work performed in 2014 and 2015, $300.00 per hour for work performed in 2016, $307.00 per hour for work performed in 2017, $322.00 per hour for work performed in 2018, and $340.00 per hour for work performed in 2019. Fees App. Ex. 1 at 38. These rates are consistent with what Ms. Strait has been awarded for her work in the Vaccine Program. *See Kratzer v. Sec'y of Health & Human Servs.*, No. 17-1209V, 2019 WL 1806626, at *2 (Fed. Cl. Spec. Mstr. Mar. 6, 2019). Accordingly, no adjustment to the requested rates is necessary.

**b. Hours Reasonably Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health &*

---

[3] The 2015-2016 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf. The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf. The 2018 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.
The 2019 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

*Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08–756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14–1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728–29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs*., 38 Fed. Cl. 403, 406 (1997) (same).

The undersigned has reviewed the billing entries and while the majority of the hours appear to be reasonable, some minor reductions are necessary. First, paralegals frequently billed to review routine court orders which had already been reviewed by Ms. Strait (e.g., entries on 2/26/16, in which Ms. Strait and a paralegal both billed for reviewing a scheduling order and updating the client file). Fees App. Ex. 1 at 17. This practice has previously been noted in other cases handled by Ms. Strait and Maglio firm paralegals. *See Schneider v. Sec'y of Health & Human Servs.*, No. 17-410V, 2018 WL 7049450, at *2 (Fed. Cl. Spec. Mstr. Dec. 6, 2018); *Kratzer*, 2019 WL 1806626, at *2. The undersigned will therefore reduce the fees by two hours of paralegal time to compensate for this double billing, resulting in a reduction of **$290.00.**

Also warranting reduction are the hours billed by Ms. Strait and several paralegals in preparing the instant motion for attorneys' fees and costs. The billing records indicate that a total of 29.2 hours were expended in preparing the fees motion, totaling $5,957.20. Fees App. Ex. 1 at 35-37. Although this case may have required more work than the average Vaccine Program case, in the undersigned's experience 29.2 hours is a plainly excessive amount of time to expend on a routine motion that counsel knew would be uncontested by Respondent, given that petitioner was ultimately awarded compensation. An experienced attorney like Ms. Strait and experienced paralegals should be able to prepare a fees motion in far less time. Accordingly, the undersigned will reduce two-thirds of the time billed on preparation of this motion, resulting in a reduction of **$3,991.32**. In sum, Petitioner is entitled to final attorneys' fees of **$49,010.98**.

### c. Reasonable Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $20,439.81 in costs. Fees App. Ex. 2. This amount is comprised of acquiring medical records, mailing costs, travel costs, the work of CliftonLarsonAllen, LLP in preparing a lost wages analysis, and the mediation services of former-Chief Special Master Gary Golkiewicz. The undersigned has reviewed all of the supporting documentation provided by Petitioner and finds all of the requested costs to be reasonable. Accordingly, Petitioner is entitled to the full amount of costs sought.

### d. Petitioner's Costs

Pursuant to General Order No. 9, Petitioner warrants that she has personally incurred costs in the amount of $29.61 for postage. Petitioner has provided adequate documentation for these costs, and they shall also be reimbursed in full.

## III. Conclusion

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

1) **A lump sum in the amount of $69,450.79, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and Ms. Danielle Strait, Esq.; and**

2) **A lump sum in the amount of $29.61, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

s/Mindy Michaels Roth
Mindy Michaels Roth
Special Master

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).